**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

A. S.; et al.,

            Plaintiffs-Appellants,

  v.

KARLA MAJOR, in her individual capacity;
et al.,

            Defendants-Appellees,

 and

MARION COUNTY SHERIFF'S OFFICE-
JAIL; MARION COUNTY DISTRICT
ATTORNEY'S OFFICE,

            Real-party-in-interest.

No.    22-35437

D.C. No. 6:18-cv-00739-YY

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted July 11, 2023
Seattle, Washington

Before:  GRABER, GOULD, and FRIEDLAND, Circuit Judges.

        Plaintiffs are four minor children who have sued the Oregon Department of

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Human Services and others, alleging that Defendants failed in their duty to protect Plaintiffs from abuse while they were in foster care.  The district court denied Plaintiffs' motion for an *in camera* inspection of documents that Defendants withheld as protected by the attorney-client privilege and consequently denied Plaintiffs' request for discovery as to those documents.  Plaintiffs filed this timely interlocutory appeal.  Reviewing whether we have jurisdiction over this interlocutory appeal de novo, Bingue v. Prunchak, 512 F.3d 1169, 1172 (9th Cir. 2008), we dismiss the appeal for lack of jurisdiction.

Our jurisdiction generally is limited to appeals from "final decisions" of district courts, 28 U.S.C. § 1291, meaning "that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits," Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981).  An exception exists for a "small class" of collateral rulings, Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949), that (1) "are conclusive," (2) "resolve important questions completely separate from the merits," and (3) "would render such important questions effectively unreviewable on appeal from final judgment in the underlying action," Digit. Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994).  A ruling qualifies as an appealable collateral order only if all three elements are satisfied.  McElmurry v. U.S. Bank Nat'l Ass'n, 495 F.3d 1136, 1140 (9th Cir. 2007).  Here, the third element is lacking because, if the litigation does

not settle and if Plaintiffs do not prevail, they can raise the denial of *in camera* inspection and discovery as an issue on appeal from the final judgment. See, e.g., Rock River Commc'ns, Inc. v. Universal Music Grp., Inc., 745 F.3d 343, 353–54 (9th Cir. 2014) (reviewing, after the entry of final judgment, a district court's denial of a request for an *in camera* review of documents withheld under a claim of privilege).

In civil cases, "[d]iscovery orders are not final appealable orders under 28 U.S.C. § 1291, and courts have refused interlocutory review of such orders under the collateral order doctrine." Admiral Ins. Co. v. U.S. Dist. Ct., 881 F.2d 1486, 1490 (9th Cir. 1989); see also United States v. Columbia Broad. Sys., Inc., 666 F.2d 364, 369–71 (9th Cir. 1982) (observing that, when the right to discovery itself is contested, allowing appeals would result in delay and a multiplicity of proceedings, thus not serving the purposes of the final judgment rule). In this context, it is not enough for Plaintiffs to show that the failure to obtain immediate relief may cause some harm to a litigation interest that will be lost. Digit. Equip. Corp., 511 U.S. at 872.[1]  Rather, an interlocutory appeal is available only if

---

[1] Plaintiffs are concerned that, if the documents they seek are indeed discoverable, it will be too late to add new claims or parties. But see Hensley v. United States, 531 F.3d 1052, 1057 (9th Cir. 2008) ("The doctrine [of equitable tolling] applies in situations where, despite all due diligence, [the party invoking the doctrine] is unable to obtain vital information bearing on the existence of the claim." (citation and internal quotation marks omitted)).

delaying review "would imperil a substantial public interest" or "some particular value of a high order." Will v. Hallock, 546 U.S. 345, 352–53 (2006). The Supreme Court has ruled that even an order compelling discovery adverse to a claim of privilege does not meet that standard. Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 107–09 (2009); see also id. at 109 ("[P]ostjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege."). The fact that, in this case, the district court declined to review the disputed documents *in camera*, in addition to denying discovery, does not persuade us that the type of order at issue dictates a different result.

**APPEAL DISMISSED.**